**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JUN 0 1 2020

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

**TAWANDA WRIGHT**                                                                     **PLAINTIFF**

vs.                                      No. 4:20-cv- 698 - LPR

**UNITED CEREBRAL PALSY OF CENTRAL**              **DEFENDANTS**
**ARKANSAS, INC., and PAULA RADER**

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Volpe_

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Tawanda Wright ("Plaintiff"), by and through her

attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for her

Original Complaint against United Cerebral Palsy of Central Arkansas, Inc., and

Paula Rader (collectively, "Defendant" or "Defendants"), she does hereby state

and allege as follows:

### I.      JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code

Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary

damages, liquidated damages, prejudgment interest, and costs, including

reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff the

legal minimum wage and overtime premium for all hours that Plaintiff worked.

2.      Upon information and belief, for at least three (3) years prior to the

filing of this Complaint, Defendants have willfully and intentionally committed

violations of the FLSA and AMWA as described *infra*.

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     Defendants conduct business within the State of Arkansas.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendant resides in this district and a substantial part of the events giving rise to the claim herein occurred in this district.

## II.     THE PARTIES

7.     Plaintiff is a resident and citizen of Craighead County.

8.     Separate Defendant United Cerebral Palsy of Central Arkansas, Inc. ("UCP"), is a domestic, non-profit corporation.

9.     UCP's registered agent for service of process is Paula Rader at 9720 North Rodney Parham Road, Little Rock, Arkansas 72227.

10.     Separate Defendant Paula Rader ("Rader") is an individual and resident of Arkansas.

11.     Defendants maintain a website at https://ucpark.org/.

## III.     FACTUAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13.     Rader is an owner, principal, officer and/or director of UCP.

14.     Rader manages and controls the day-to-day operations of UCP, including but not limited to the decision to not pay Plaintiff a lawful minimum wage or a sufficient premium for hours worked in excess of forty (40) per week.

15.     Upon information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16.     During each of the three years preceding the filing of this Complaint, Defendants had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

17.     During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

18.     Defendants are an "employer" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the Complaint, Plaintiff's employer.

19.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

20.     Defendants employ home health workers to assist individuals with cerebral palsy.

21.     Plaintiff was employed by Defendant within the three years preceding the filing of this Complaint.

22.    Specifically, Plaintiff worked for Defendant as an hourly home health worker from August of 2019 to the present.

23.    Defendant did not pay Plaintiff a lawful minimum wage for all hours worked.

24.    Defendant did not pay Plaintiff a sufficient overtime premium for all hours worked over forty in a week.

25.    For example, during the pay period ending November 30, 2019, Defendant paid Plaintiff her regular rate of $11.75 for the first eighty hours she worked, and only $4.25 per hour for the additional eighty hours she worked.

26.    Defendants willfully failed to pay minimum wage and an overtime premium to Plaintiff during the time period relevant to this Complaint.

### IV.    FIRST CAUSE OF ACTION
### (Claim for Violation of the FLSA)

27.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

29.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

30.    At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

31.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay one and one-half times regular wages for all hours worked

over 40 hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

32. During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

33. Defendants failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

34. Defendants failed to pay Plaintiff an overtime premium for hours worked over forty each week.

35. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay.

36. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

37. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

## V.    SECOND CAUSE OF ACTION
### (Claim for Violation of the AMWA)

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann.§§ 11-4-201, *et seq*.

40.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

41.    AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

42.    During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

43.    Defendants failed to pay Plaintiff the applicable minimum wage rate for all hours worked.

44.    Defendants failed to pay Plaintiff an overtime premium for hours worked over forty each week

45.    By the acts and conduct described above, Defendants willfully violated the provisions of the AMWA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay

46.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

47.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tawanda Wright respectfully prays as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

D.   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E.   A declaratory judgment that Defendants' practices alleged herein violate the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and related regulations;

F.   Judgment for damages for all unpaid minimum wage compensation and overtime compensation owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G.   Judgment for damages for all unpaid minimum wage compensation and overtime compensation owed to Plaintiff under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

H.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 216, in an amount equal to all unpaid minimum and overtime compensation owed to Plaintiff during the applicable statutory period;

I.   Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

J.    For a reasonable attorneys' fee, costs, and interest; and

K.    Such further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TAWANDA WRIGHT**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com